STERRY CLARKE v. WELCOME FARNUM.

Where a writ in assumpsit is served within the period of legal limitation by foreign attachment, and after being continued from term to term, beyond the period, is dismissed by the court for want of sufficient service, upon the ground that the garnishee's affidavit does not disclose any attachable property of the defendant in his hands at the time of the service, the plaintiff has, by virtue of Ch. 177, section 8, of the Revised Statutes, one year after the dismissal of the writ, within which to commence a new action.

ASSUMPSIT by the plaintiff, a lunatic, suing by his guardian, to recover of the defendant the amount of a promissory note, made by the defendant under the name of W. & D. D. Farnum, to the plaintiff, for the sum of $1500, on the 16th day of May, 1854, and payable four months after date.

Plea, the statute of limitations, to which the *third* replication was, in substance, as follows :—

"That within six years next after the said several causes of action in his said declaration mentioned, and each and every of them did accrue to the plaintiff, to wit, on the 17th day of July, 1860, in the county aforesaid, the plaintiff, for the recovery of his damages by him sustained by reason of the not performing of the several promises and undertakings in the said declaration mentioned, sued and prosecuted out of our Supreme Court, here holden within and for the county of Providence, against the said defendant, Welcome Farnum, his, the plaintiff's, original writ of arrest and attachment in due form of law, in such cases by statute provided, to answer the complaint of the plaintiff at the then next term of the said Supreme Court, to be holden at Providence, within and for our said county of Providence, on the fourth Monday of September next ensuing the date thereof, in an action of the case, for that the defendant had broken his promises to the

plaintiff made, as by declaration to be filed in said court would be fully set forth, to the damage of the plaintiff, six thousand dollars ; and on the back of said writ, in manner and form according to the statute in such cases made and provided, was endorsed by the plaintiff's attorney, an order to the officer charged with the service of said writ, for want of the body of said defendant, Welcome Farnum, to be by him found within this State, to make service of said writ by leaving an attested copy thereof with Horatio N. Slater, of said Providence, for the purpose of attaching the personal estate of said defendant, Farnum, lodged or lying in the hands or possession of said Slater, as the attorney, agent, trustee, factor, or debtor, of said Farnum ; that the writ so endorsed was delivered before the day of the return thereof, to wit, on the 17th day of June, 1860, to one Phineas Fairbrother, who then and from thence, until to and after the return of said writ hereinafter mentioned, was a deputy sheriff in and for our said county of Providence, in due form to be executed, at which day, to wit, on the fourth Monday in September, A. D. 1860, aforesaid, in this court came this plaintiff by James Tillinghast, his attorney, and offered himself against the said defendant in the action aforesaid ; and the said Fairbrother, deputy sheriff aforesaid, at that day, returned to the said court here, that, for want of the body of the above named defendant to be by him found within this State, he had made service of said writ by serving the said Horatio N. Slater with an attested copy of the same, for the purpose of attaching all the personal property of the defendant, Welcome Farnum, lodged or lying in the hands or possession of the said Horatio N. Slater, as the attorney, agent, trustee, factor, or debtor, of said Farnum ; and thereafter, to wit, at the same term, in the said court, appeared the said Horatio N. Slater, served as trustee of the defendant as aforesaid, and according to the statute in such cases provided, rendered in this honorable court, an account, upon oath, of what estate he had of the defendant in his hands at the time said writ was served as aforesaid ; and that thereafterwards such proceedings were had, that said case was continued, from term to term, in said court for hearing and adjudication upon said Slater's said affidavit, until the 5th day of July, A. D. 1862, when the plaintiff's

said action, commenced as aforesaid, was dismissed by this honorable court for want of any sufficient service of the writ aforesaid, this honorable court declaring, after advisement thereon, that there was no attachable property of the said defendant, lodged or lying in the hands of the said Horatio N. Slater at the time of the service of the writ above mentioned, disclosed by his account aforesaid,— all which, by the record of said case still remaining in this honorable court at large, appears; and whereby the plaintiff's said action so commenced as aforesaid within said six years became and was defeated and abated. And the plaintiff avers, that thereafter, and within one year after such dismissal and abatement of his action aforesaid, to wit, on the 13th day of June, A. D. 1863, the plaintiff sued out his writ in this case, and commenced this action for the same cause as said original action, to wit, for the purpose of recovering the said damages suffered by him through the default of the defendant in not performing and keeping his promises aforesaid; and this, he, the said plaintiff, is ready to verify; wherefore," &c.

To this replication the defendant filed a general demurrer, and the plaintiff joined therein.

*James Tillinghast, for the plaintiff.*

*Payne, for the defendant.*

BULLOCK, J.   The *third* replication avers, that on the 17th day of July, 1860, and within *six* years after the plaintiff's cause of action accrued, he, in due form of law, sued out of the Supreme Court, for the county of Providence, his writ of arrest and attachment against the defendant, returnable at the next term of said court; that, on the same day, such writ was delivered to a deputy sheriff of said county, for service, who, before the return day thereof, for want of the body of the defendant, served the same by attaching his personal estate in the hands of his *trustee;* that said writ was returned to the next term of said court, when the plaintiff duly declared upon his cause of action; and that afterwards, such proceedings were had in such action as that the same was defeated and abated, for the *want* of attachable property of the defendant in the hands of such *trustee;* and that, within *one* year after such abatement, the plaintiff commenced this action, and for the same cause.

There is nothing in this case to distinguish it in principle from the case of *Eaton* v. *Chapin, supra,* 408, decided at the last March term of this court. The replication shows, that within *six* years next after the time when the plaintiff's action accrued, he sued out a writ from a court having jurisdiction competent to try such an issue ; that service of the writ was seasonably made, by an officer authorized to make service ; that the *mode* of service was one recognized and allowed by law ; that the plaintiff seasonably and properly impleaded the defendant in such action; and that the same was *abated,* for want of *sufficient* service. The abatement or other defect of the *first* action from *some* cause must appear, else neither the right to, or the necessity for, the *second* action arises. The demurrer admits the several averments, as pleaded. If true, and no more appears upon the record, they show *prima facie,* at least, the due commencement of an action, and bring the plaintiff within the purview of the statute, (Rev. Stat. Ch. 177, § 8,) which enacts, that if the first action shall be abated or defeated, for any matter, a second action may be instituted within *one* year thereafter.

The mode in which the process was served, (by *foreign attachment,*) was referred to at the argument. We do not see how the *mode* of service can, of itself, control or vary the principle, so long as it be a mode recognized and allowed by the law. In *Woods et al.* v. *Houghton,* 1 Gray, 580, the mode of service was the same. There, it was not objected that the mode of service was not the due commencement of an action, but that the *trustee,* being served without his county, the court had not jurisdiction.

In this case, it nowhere appears that the *first* action was not commenced properly and in *good faith;* that diligence was not used to reach the defendant in the only attainable manner, and to implead him in court upon the merits. The plaintiff was defeated by a *defective* service not affecting the merits. This, he is entitled to remedy by a new and proper service, if sought within the period allowed by the law.

The demurrer to the *third* replication is therefore overruled.